UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

AISHA MCCOY
54 Lewis Street Apt. 2
Geneva, NY 14456

                        Plaintiff,              CIVIL ACTION

-vs-                                     JURY TRIAL
                                            DEMANDED

                                            Case #

SGT. CARMEN REALE, P.O. RANDALL
 GRENIER, P.O. DAVID FELICE, P.O. MARK
CIRONE, POLICE CHIEF FRANK PANE,
individually and in their representative capacity, and the CITY
OF GENEVA,

                        Defendants,
-------------------------------------------------------------------------


## INTRODUCTION

This is a civil action seeking compensatory and punitive damages against police officers of the City of Geneva Police Department, the police chief of the City of Geneva, and the City of Geneva, New York, for committing acts under the color of law amounting to police misconduct which deprived the Plaintiff of her rights under the United States Constitution and the laws of the United States, and the State of New York, and which were contrary to the provisions of Title 42 USC §1983.

The defendants engaged in conduct on or about November 13, 2010 and thereafter that included violations of the plaintiff's constitutional rights while acting under color of law as police officers, and thereby caused plaintiff's injury, including physical injury and damages.

On or about November 13, 2010, Geneva Police officers forcibly and unlawfully detained and assaulted plaintiff, and unlawfully seized and arrested her without probable cause. The defendant officers acted in concert with each other to commit the unlawful conduct in detaining and assaulting the plaintiff, who was an innocent citizen in Geneva, NY, and thereafter unlawfully seized and arrested her without lawful cause or justification.

The City of Geneva and the Chief of Police Frank Pane are liable for the Plaintiff's damages for failure to instruct, supervise, control and discipline the City's police officers, which failures were the result of an official policy and custom, and practice of the City police department; Chief Pane was deliberately indifferent and took no action to eliminate or prevent the unconstitutional conduct within the department which amounted to policy, practice, and custom on the part of the department and officers, all of which caused the Plaintiff's damages as specifically set forth below.

Defendant CITY OF GENEVA and Defendant Geneva Police Department officers were properly served with a Notice of Claim under New York State General Municipal Law, §50-e on or about February 8, 2011 and despite due demand, have failed or refused to pay these claims for more than 30 days thereafter.

## PARTIES

1.      Plaintiff, Aisha McCoy is an adult individual and a citizen of the United States and a resident of the State of New York, having at all times hereinafter stated an address at 54 Lewis Street Apt. 2 Geneva, NY 14456.

2.      Defendants, Sgt. Carmen Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone, were at all times relevant and material hereto, adult

individuals and citizens of the State of New York, and working as police officers of the

City of Geneva Police Department, and were acting in such capacity as agents, servants,

and employees of the City of Geneva and its police department, and were further acting

under the direction, management, and control of the City of Geneva and the Geneva

Police Department and its police chief and other supervisors, and were further acting

pursuant to either official policy or the custom, practice or usage of the City of Geneva

and its police department and its supervisors.

      4.    Defendant, Police Chief Frank Pane (hereinafter "defendant Chief Pane")

at all times relevant and material hereto, the Chief of Police for the City of Geneva and as

such, the highest ranking police officer in the department and the commanding officer of

defendant officers, and was responsible for the training, supervision, discipline and

conduct of the defendant officers, as more fully set forth herein.  Defendant Chief Pane is

further responsible by law for setting, reviewing and/or enforcing the regulations of the

Geneva Police Department and for ensuring the City of Geneva police officers obey the

laws of the State of New York, and the United States of America. Defendant Chief Pane

has a business address at the Geneva Police Department, 255 Exchange St., Geneva NY

14456.

      5.    At all times relevant and material, defendant Chief Pane was acting in

such capacity as an agent, servant and employee of the Geneva Police Department and

was acting under the management, direction and control of the City of Geneva, and was

further acting pursuant to either official policy or custom and practice of the Geneva

Police Department.   At all times relevant and material, defendant Chief Pane was the

policymaker for the Geneva Police Department in all matters that are alleged herein.   In

the alternative, defendant Chief Pane participated in the promulgation of policy for the Geneva Police Department and was directly responsible for its implementation in whole or in part.

6.      Defendant City of Geneva is a municipal corporation or other form of municipal government, organized and existing under the laws of the State of New York. At all times relevant and material, the City of Geneva acted by and through its City Council and its officers, agents, servants, and/or employees, who at all times relevant and material acted within the scope of their authority as persons who set, reviewed and/or enforced, as policymakers, certain policies regarding the conduct and actions of police officers employed by the City of Geneva, including defendant police officers and Chief Pane. The City of Geneva has a business address at City Hall, 47 Castle St., Geneva NY 14456.

7.      Plaintiff Aisha McCoy sues defendant Sgt. Carmen Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone, and defendant Chief Pane in both their individual and official capacities.

8.      At all times relevant and material, defendant officers and defendant Chief Pane acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the City of Geneva, and the Geneva Police Department, and pursuant to their authority as police officers, and Police Chief respectively of the Geneva Police Department.

## JURISDICTION AND VENUE

9.      This District Court has jurisdiction over the actions of the defendants pursuant to Title 42 U.S.C., §1983, 28 U.S.C., §1343, and 28 U.S.C. §1331, in that the

causes of action arise under Title 42 U.S.C 1983, and 1988, and under the 4th , 8th and 14th Amendments of the United States Constitution. Plaintiff further invokes the pendent and ancillary jurisdiction of this Court to adjudicate claims arising under the laws of the State of New York.

10.     Venue is proper in this judicial district pursuant to Title 28 U.S.C., 1391(e), in that all the defendants reside in this district, and the events, acts, or omissions giving rise to the claims occurred in this district, and no real property is involved, and that plaintiff resides in this district.

## FACTUAL BACKGROUND

11.     On or about November 13, 2010, plaintiff Aisha McCoy along with her infant child were surrounded by Sgt. Carmen Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone who arrived at Tillman Street near the corner of Exchange Street, Geneva, NY. The named defendants stopped and searched plaintiff and plaintiff was directed to walk away from scene. The defendants thereafter arrested and handcuffed another individual present at the scene while plaintiff was inside the store with her child. Upon leaving the store, plaintiff was chased and tackled to the ground from behind by defendant Carmen Reale while acting in concert with the other named defendants. Defendant Carmen Reale struck plaintiff in the face and right eye with great force and without just cause thereby causing serious bodily injuries to plaintiff. The defendants then arrested plaintiff without probable cause and unlawfully jailed her for a substantial time until her release.

12.     During the course of defendant officers' activities, the defendants made verbal threats and used indignant language towards Plaintiff.

13.     Due to the malicious and unlawful treatment of Plaintiff by Defendant Sgt. Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone, Plaintiff Aisha McCoy suffered physical and emotional injuries including facial fractures, bruising to her face and right eye, as well as past and future conscious pain and suffering.

## COUNT I
### Excessive Use of Force
### Cognizable under Title 42 U.S.C. §1983

14.     Plaintiff incorporates herein by reference Paragraphs 1 through 13, inclusive, as though the same were fully set forth herein.

15.     At all times relevant and material, Defendant Sgt. Reale and the other named defendants present acted against Plaintiff without cause, provocation, justification or excuse, or warning and Plaintiff was in fear of harm and danger to her person.

16.     At no time did Plaintiff resist arrest by Defendant Reale, or offer violence or threaten either Defendant Reale or any other police officer, or third party.

17.     Plaintiff had committed no crime, but the named Defendant officers, and each of them, acting under color of law,  forcibly seized, assaulted and arrested Plaintiff without any basis in fact.

18.     As a direct and proximate result of the aforesaid unlawful and malicious physical abuse, by Defendant Reale and other defendant members of the Geneva police department, committed under color of law and their individual authority as police officers of the City of Geneva, Plaintiff suffered bodily harm and was deprived of her right to be secure in her person, against unreasonable seizure of her person, and the excessive use of

force, in violation of the 4th and the 8th and 14th Amendments of the United States Constitution and Title 42 U.S.C. §1983.

19.     As a direct and proximate result of the malicious and outrageous conduct of the Defendants Carmen Reale and Randall Grenier, David Felice, and Mark Cirone, as described aforesaid, the Plaintiff suffered serious injuries including to her head, face, and right eye which required immediate emergency care and included blunt force trauma injuries, severe bruises, contusions, and abrasions to her face, head, and right eye, severe shock to her nerves and nervous system, including conscious pain and suffering.

20.     By reason of the above described occurrences, Plaintiff was rendered sick, sore, lame, prostrate and disordered, and made to go undergo great mental and physical anguish and physical pain, as a result of which she has suffered, yet suffers, and will continue to suffer for an indefinite period of time in the future.

21.     Plaintiff has been compelled, in order to affect a cure for the aforesaid injuries, to incur medical bills for medicine and medical attention and she will be required to incur further medical special damages in the future.

22.     As a result of the foregoing, Plaintiff has sustained such injuries as a result of which she has been required and will be obliged to receive medical and psychological attention and care and will incur various medical expenses.

23.     As a result of the malicious and outrageous conduct of Defendant police officers, and other members of the Geneva Police Department, the incident and injuries sustained thereby, Plaintiff has and will hereinafter incur future financial expenses and losses, which will exceed amounts she may be otherwise entitled to recover.

24.     The acts and conduct of Defendant police officers were intentional, willful, wanton and malicious, entitling Plaintiff to an award of punitive damages against defendants Sgt. Carmen Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone in their individual capacities.

25.     Plaintiff is entitled to an award of attorney's fees and costs as the prevailing party on the claim, under Title 42 U.S.C. §1983.

WHEREFORE, Plaintiff, Aisha McCoy, demands judgment against defendant officers in their official capacity as police officers of the City of Geneva, and in their individual capacity for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees and such other relief as the Court deems just and proper.

## COUNT II
### Unlawful Search and Seizure of Plaintiff Aisha McCoy
### Cognizable under Title 42 U.S.C. §1983.

26.     Plaintiff incorporates herein by reference Paragraphs 1 through 25, inclusive, as though the same were more fully set forth herein.

27.     No probable cause existed for the arrest or the search and seizure or the use of force against Plaintiff by Defendants Sgt. Carmen Reale, Police Officers Randall Grenier, David Felice, and Mark Cirone.

28.     In the alternative, probable cause, if any, existed, by any standard of reasonableness, was objectively insufficient and fell below that which is required under the 4th and 14th Amendments of the United States Constitution.

29.     The conduct of Defendants Sgt. Carmen Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone was further violative of the constitutional rights

of Plaintiff because their conduct was motivated, not by probable cause to arrest and detain, and prosecute, but by improper and retaliatory motives. Plaintiff was struck in the face, thrown to the ground, arrested and detained with excessive force by Defendants Sgt. Carmen Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone in violation of her rights under the United States Constitution.

30.     Defendant officers acting as aforesaid in their individual and official capacities, falsely, maliciously and unlawfully arrested and detained, and assaulted the Plaintiff, and she was thereby deprived of her right to be free from unreasonable and unlawful seizure of her person, to the equal protection of laws, and due process of law, in violation of the 4th and 14th Amendments of the Constitution of the United States, and Title 42 U.S.C. §1983.

31.     As a result of the foregoing, Plaintiff suffered personal, physical and mental injuries and sustained damages including blunt force trauma injuries, severe bruises, contusions, and abrasions to her face, head, and right eye, severe shock to her nerves and nervous system, including conscious pain and suffering, and necessitating medical treatment and resulting in special medical damages and other consequential losses.

32.     The acts and conduct of Defendants were intentional, willful, wanton and malicious, entitling Plaintiff to an award of punitive damages against Defendants Sgt. Carmen Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone in their individual capacities.

WHEREFORE, Plaintiff Aisha McCoy demands judgment against Defendants, in their official capacity as police officers of the City of Geneva, and in their individual

capacity, for monetary and compensatory damages, incidental and consequential

damages, exemplary and/or punitive dames, costs of this action, interest, attorneys' fees,

and such other relief as the Court deems just.

**COUNT III**
**False Arrest and Malicious Prosecution of**
**Plaintiff Aisha McCoy**
**Cognizable under Title 42 U. S. C. §1983**

33.     Plaintiff incorporates herein by reference Paragraphs 1 through 32,

inclusive, as though the same were more fully set forth at length.

34.     Defendants Sgt. Carmen Reale and Police Officers Randall Grenier, David

Felice, and Mark Cirone acted as aforesaid in their individual and official capacity,

falsely, maliciously and unlawfully arrested and prosecuted the Plaintiff without probable

cause thereby causing Plaintiff to be deprived of her rights under the 4th and 14th

Amendments of the Constitution of the United States and Title 42 U.S.C. §1983.

35.     As a result of the foregoing, Plaintiff suffered personal, physical and

mental injuries and sustained damages as more fully set forth above.

36.     The acts and conduct of Defendants Sgt. Carmen Reale and Police

Officers Randall Grenier, David Felice, and Mark Cirone were intentional, willful,

wanton and malicious, entitling the Plaintiff to an award of punitive damages against Sgt.

Carmen Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone in

their individual capacity.

WHEREFORE, Plaintiff, Aisha McCoy, demands judgment in her favor against

Defendant Sgt. Carmen Reale and Police Officers Randall Grenier, David Felice, and

Mark Cirone in their official capacities as police officers of the City of Geneva and in her

individual capacity, for monetary and compensatory damages, incidental and

consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees as such other relief as the Court deems just.

## COUNT IV
### Liability against the City of Geneva
### Cognizable under Title 42 U.S.C. §1983

37.     Plaintiff incorporates herein by reference Paragraphs 1 through 36, inclusive, as though the same were more fully set forth at length.

38.     There exists within the Geneva Police Department policies or customs, practices and usages that are so pervasive that they constitute the policy of the Department, that caused the constitutional deprivations of the Plaintiff as more fully set forth above.

39.     The policies, customs, practices and usages that exist are:

A.     To physically assault and strike citizens at will, without regard for the need of force, and without regard for the legality of its use.

B     To unlawfully strike citizens who have been subdued and handcuffed.

C.     To unlawfully engage in searches and seizures of persons and places while acting under color of law.

D.     To file and prosecute cover charges in encounters with citizens in which the officer or officers have improperly used force, or excessive force; such charges and prosecutions are used to justify the use of force and to protect police officers from liability for their improper conduct.

E.     To conspire with others in the prosecution of such cover charges.

F.     To act individually and to conspire with others to prevent the truth about the violence and transgressions of the other officer or officers from being known, by lying or by failing to report such transgressions.

G.     To use private cell phones to communicate with each other while on duty in order to avoid creating official recordings of their activities and communications where improper conduct occurs.

H.     To intentionally supervise, manage and review disciplinary complaints involving police misconduct in such a manner that legitimate citizen complaints almost never result in censure or discipline.

I.     To propogate such practices and customs with knowledge that citizens would suffer harm, as the police officers operated under the belief that they would never suffer reprisal for their misconduct.

40.    The City of Geneva is vested with the authority to train, supervise, discipline and control the officers of the Geneva Police Dept.

41.    The City of Geneva has effectively abrogated the power to so train, supervise, discipline and control the officers of the Geneva Police Dept. by failing to act in the face of transgressions and police misconduct, of which the City of Geneva knew or should have known.

42.    As the lawfully designated policy making body for the City of Geneva Police Dept., the City of Geneva has the power and responsibility to prevent the existence of the policies and practices as aforesaid described and has refused to so act.

43.     The failure of the City of Geneva to so act in the face of constitutionally violative conduct as described above, has caused the constitutional deprivation suffered by the Plaintiffs.

44.     The City of Geneva is the policy maker for the Geneva Police Dept., and the failure of the City of Geneva to affirmatively act in the face of transgressions about which it knew or should have known establishes the policy of the City of Geneva to condone, or acquiesce, constitutionally violative conduct, and that constitutionally violative conduct as set forth above.

45.     Had the City of Geneva affirmatively acted to properly train the officers of the Geneva Police Dept. or to properly supervise the officers, or to discipline the officers when the officers conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiff would not have occurred.

46.     The Geneva Police Dept. and the City of Geneva, acting as aforesaid, are aware or should have been aware, of the foregoing policies, customs, practices and usages within the Geneva Police Dept., however, did nothing to prevent or stop the practices and activity.

47.     In its failures, the City of Geneva intentionally disregarded known facts, or alternatively, were deliberately indifferent to a risk of the constitutional violation which they knew or should have known, and its culpability caused the constitutional violations of the Plaintiff.

48.     As a result of the foregoing, the Plaintiff suffered personally, physical and mental injuries and sustained damages as more fully set forth above.

WHEREFORE, Plaintiff, Aisha McCoy, demands judgment in her favor against Defendant City of Geneva for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorney's fees as such other relief as the Court deems just.

**COUNT V**
**Supervisory liability against Geneva**
**Police Chief Defendant Frank Pane  under Title 42 U.S.C. §1983**

49.     Plaintiff incorporates herein by reference Paragraphs 1 through 48 inclusive, as though the same were more fully set forth at length.

50.     Chief of Police Frank Pane was at all relevant times delegated by the City of Geneva, with the power and authority to discipline, supervise, manage and control the actions and conduct of the officers of the Geneva Police Dept.

51.     Defendant Chief Pane failed and refused to properly train, discipline, supervise and control the actions and conduct of the officers of the Geneva Police Dept.

52.     Defendant Chief Pane was the policy maker for the Geneva Police Dept., and the failure of Defendant Pane to affirmatively or effectively act in the face of transgressions about which he knew, or should have known, establishes the policy of Defendant Chief Pane to condone and tolerate constitutionally violative conduct, and more specifically, that constitutionally violated the conduct as set forth above.

53.     Had Defendant Chief Pane affirmatively acted to properly train the officers of the Geneva Police Dept., or to properly supervise the officers or to discipline the officers when the officers conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiff would not have occurred.

54.     The Geneva Police Dept., and Defendant Chief Pane acting as aforesaid, are aware, or should have been aware, of the foregoing policies, customs, practices and usages within the Geneva Police Dept., however, did nothing to prevent or stop the practices and activity.

55.     In his failures, Defendant Chief Pane intentionally disregarded known facts or alternatively was deliberately indifferent to a risk of the constitutional violations, of which he knew or should have know, and his culpability caused the constitutionals violations of the Plaintiff.

56.     As a result of the foregoing, Plaintiff suffered personal, physical and mental injuries, and sustained damages as more fully set forth above.

57.     The acts and conduct of Defendant Chief Pane were intentional, willful, wanton and malicious, and were performed with a high degree of probability of knowing or having reason to know that certain consequences, harm and damages flowed from defendants' conduct would be suffered by the Plaintiff, entitling the Plaintiff to an award of punitive damages against Defendant Chief Pane in his individual capacity.

WHEREFORE, Plaintiff, Aisha McCoy, demands judgment in her favor against Defendant Frank Pane, Police Chief for the City of Geneva, for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees as such other relief as the Court deems just.

## COUNT VI
### Gross Negligence and Unlawful Use
### of Force Cognizable under 42 USC § 1983

58.     Plaintiff incorporates herein by reference Paragraphs 1 through 57, inclusive, as though the same were more fully set forth at length.

59.     Defendant Sgt. Carmen Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone were grossly negligent in causing or allowing to be caused physical harm and serious bodily injury to Plaintiff Aisha McCoy.

60.     By the Defendant Reale's actions, and those of the other named defendants, Plaintiff was in fear and expected to suffer immediate physical and bodily harm and injury and did suffer such injuries.

61.     Defendant Reale, while acting with the other named defendants, knocked Plaintiff down while she was holding her infant child, and thereby inflicted physical harm and injury upon Plaintiff without lawful justification.

62.     The acts and omissions of Defendant Sgt. Carmen Reale and Police Officers Randall Grenier, David Felice, and Mark Cirone were careless and grossly negligent and through no fault of her own, caused Plaintiff's bodily injuries and damages.

63.     City of Geneva and Defendant Chief Frank Pane are liable for the harm, consequences and damages suffered by Plaintiff at the hands of Defendant Reale, Felice, Grenier, and Cirone, under the theory of respondeat superior and vicarious liability, jointly and severally.

64.     The acts and conduct of the defendants, and the harm and damages flowing from defendants' conduct suffered by the Plaintiff, entitles the Plaintiff to an award of compensatory damages against the individual defendants, and each of them.

WHEREFORE, Plaintiff, Aisha McCoy, demands judgment in her favor and against defendants and the City of Geneva, jointly and severally for monetary and compensatory damages, incidental and consequential damages, costs of this action, attorney fees and interest and such other and further relief as the Court deems just and proper.

NELSON S. TORRE, ESQ.
Attorney for Plaintiff
910 Main Court Building
438 Main Street
Buffalo NY  14202
(716) 854-2808

Dated:  October 28, 2011
          Buffalo, New York

**JURY DEMAND**

Plaintiff demands a Trial by Jury on all issues so triable.

NELSON S. TORRE, ESQ.
Attorney for Plaintiffs
910 Main Court Building
438 Main Street
Buffalo New York 14202
(716) 854-2808

Dated:   October 28, 2011
          Buffalo, New York